# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1820
_____

| | | |
|---|---|---|
| Robert E. Arnold, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Veterans Administration, filed as | * | |
| United States of America Department | * | Appeal from the United States |
| of Veterans Affairs; Jesse Brown; Don | * | District Court for the Southern |
| Zizka; Veterans Administration | * | District of Iowa. |
| Hospital, Knoxville, Iowa; | * | |
| | * | [UNPUBLISHED] |
| Defendants, | * | |
| | * | |
| Hershel W. Gober, Acting Secretary, | * | |
| Department of Veterans Affairs, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: February 18, 2000

Filed: March 27, 2000

_____

Before McMILLIAN, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Robert E. Arnold, a chaplain for the Department of Veterans Affairs (VA), appeals the district court's order granting the VA's motion for summary judgment in Arnold's religious discrimination action. We conclude the district court properly granted the VA's motion and have nothing to add to the district court's thorough analysis. All but one of Arnold's claims are barred by the forty-five day statute of limitations applicable to federal employees. See 29 C.F.R. § 1614.105(a)(1) (1996). The district court properly rejected Arnold's claim that the VA's 1996 reduction in force was a final discriminatory action that revived the earlier time-barred acts of alleged discrimination. Besides, there is no genuine issue of material fact and the VA is entitled to judgment as a matter of law on all of Arnold's claims, including the one that is not time-barred. Arnold failed to establish a prima facie case of discrimination under the disparate treatment, hostile work environment, or retaliation theories. Even if he had, there is no jury issue for trial because the VA showed legitimate economic reasons for every allegedly adverse employment action and Arnold failed to show those reasons were a pretext for discrimination. See Ryther v. KARE 11, 108 F.3d 832, 837-38 (8th Cir. 1997) (en banc). We thus affirm the district court.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.